J-S49006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YUSUF R. BROWN | : | |
| | : | |
| Appellant | : | No. 1343 MDA 2017 |

Appeal from the Judgment of Sentence July 19, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001555-2016

BEFORE:   SHOGAN, J., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:               **FILED DECEMBER 24, 2018**

Appellant, Yusuf R. Brown, appeals from the judgment of sentence entered following his convictions of various firearm violations and narcotics crimes.  We affirm.

The trial court summarized the history of this case as follows:

> On March 15, 2016, officers with the Lancaster City Bureau of Police went to 107 Fairview Avenue in Lancaster City to execute arrest warrants for Roberta Austin and her son.  [Appellant] answered the door and informed the officers that Ms. Austin was not present at the residence but was working at the bar next door. After executing the arrest warrant for Ms. Austin at her place of employment, officers returned to 107 Fairview Avenue where they observed [Appellant] exiting the residence through a rear second floor window.
>
> [Appellant] was arrested on a National Crime Information Center (NCIC) warrant issued by Pennsylvania State Probation and Parole for a parole violation.  In a search incident to arrest, officers discovered the following in [Appellant's] possession: three revolvers, ammunition, drug paraphernalia, marijuana, and cocaine.

_____

*   Former Justice specially assigned to the Superior Court.

At some point during this search, State Parole Agent Damien Mscisz for the Pennsylvania Board of Probation and Parole arrived at the scene. He obtained [Appellant's] consent to search his residence. During that search, a large digital scale and three unlabeled bottles of prescription drugs were discovered.

[Appellant] was transported to the police station where he was interviewed by police after receiving his **Miranda**[1] warnings. During the interview, [Appellant] admitted that all of the drugs and paraphernalia were his. [Appellant] further stated that he both uses and sells the drugs. [Appellant] admitted that the three guns were also his and that he bought them on the street for $200.00 a piece.

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

A review of [Appellant's] criminal history revealed that [Appellant] had entered a guilty plea to the felony charge of possession with intent to deliver on March 10, 2008. A search further revealed that [Appellant] did not possess a valid Pennsylvania Concealed Carry Permit. One of the guns which was in [Appellant's] possession, the Ruger .357 Blackhawk revolver, had been reported stolen to the Pennsylvania State Police on October 16, 2015.

As a result of the above, [Appellant] was charged with the following offenses: (1) three counts of possession of firearm prohibited (Counts 1-3); (2) one count of receiving stolen property (Count 4); (3) one count of possession of firearm with manufacture number altered (Count 5); (4) one count of use/possession of drug paraphernalia (Count 6); (5) three counts of firearms not to be carried without a license (Counts 7-9); (5) three counts of possession with intent to deliver (PWID) (Count 10 - cocaine; Count 11 - marijuana; Count 12 - oxycodone); and (8) one count of alter/obliterate serial number (Count 13).[2]

[2] 18 Pa.C.S.A. § 6105(a)(1), 18 Pa.C.S.A. [§] 3925(1), 18 Pa.C.S.A. § 6110.2(a), 35 P.S. § 780-113(a)(32), 18 Pa.C.S.A. § 6106(a)(1), 35 P.S. § 780-113(a)(30), and 18 Pa.C.S.A. § 6117(a), respectively.

On October 6, 2016, [Appellant] filed an omnibus pretrial motion seeking to suppress the items seized pursuant to the search incident to arrest and pursuant to the consensual search of

his home. [Appellant] also challenged his statements to the police following his arrest, which he claimed were not the product of an intelligent, knowing, and voluntary waiver of his privilege against self-incrimination.[3] Also included in the omnibus pretrial motion was a motion to sever the three counts of persons not to possess firearms. A hearing was held on the motion to suppress on March 20, 2017, at which time the suppression motion was denied in its entirety. N.T., Suppression at 66.

> [3] After reviewing the video of [Appellant's] interview at the police station following his arrest and the *Miranda* form that was signed by [Appellant], defense counsel withdrew that challenge at the hearing. Notes of Testimony (N.T.), Suppression at 4.

On April 19, 2017, the date of [Appellant's] scheduled trial, [Appellant] filed a motion to dismiss the charges pursuant to Pa.R.Crim.P. 600, for the Commonwealth's failure to bring him to trial within 365 of being charged. That motion was denied on the record. N.T., Guilty Plea at 19. [Appellant's] motion to sever the three counts of persons not to possess firearms was granted, and the Commonwealth was prepared to proceed against [Appellant] on those charges on April 19, 2017. Id. at 2. [Appellant] chose, instead, to enter an open guilty plea to the charges, specifically, 10 of the 13 charges as the Commonwealth agreed to *nolle pros* Counts 5, 6 and 13. Id. at 20. At that time, sentencing was delayed to allow for a pre-sentence investigation report. Id. at 35.

[Appellant], however, subsequently withdrew his plea, waived his right to a jury trial, and commenced a stipulated bench trial on the persons not to possess firearms charges, Counts 1 through 3, on May 3, 2017. N.T., Withdrawal of Guilty Plea/Stipulated Bench Trial at 2-8. At the conclusion of the first stipulated bench trial, [Appellant] was found guilty of the three gun possession charges. Id. at 13. The Commonwealth then moved to *nolle pros* Count 5 (possession of firearm with manufacture number altered) and Count 13 (alter/obliterate serial number). Id. at 14. Thereafter, the parties proceeded with a stipulated bench trial as to the remaining counts. At the conclusion of the second stipulated bench trial, [Appellant] was found guilty of all charges.[4] Id. at 21-22. Sentencing was deferred pending the completion of the pre-sentence investigation report. Id. at 22-23.

4 There is some confusion in the record regarding Count 6, use/possession of drug paraphernalia. At the beginning of the second stipulated bench trial, the prosecutor noted that she was proceeding on Counts 4, 6, 7, 8, 9, 10, 11 and 12. N.T., Withdrawal of Guilty Plea/Stipulated Bench Trial at 14. At the conclusion of that trial, [the trial court] found [Appellant] guilty of all Counts, including Count 6. Id. at 21. [The trial court] further confirmed with the Commonwealth that Counts 5 and 13 were to be *nolle prossed*. Id. at 22. At the sentencing, however, the prosecutor stated that [Appellant] had been found guilty of Counts 1 through 4 and 7 through 12, with Counts 5, 6 and 13 being *nolle prossed*. N.T., Sentencing at 2. Accordingly, [Appellant] was not sentenced on Count 6. Id. at 16.

On July 19, 2017, [Appellant] was sentenced to an aggregate term of 7 to 17 years' incarceration. Specifically, on each of the possession of firearms prohibited charges, Counts 1 to 3, [Appellant] was sentenced to a period of incarceration of four and one-half to ten years in a state correctional facility. On Count 4, receiving stolen property, [Appellant] received a sentence of two to four years' incarceration. On each of the firearms not to be carried without a license charges (Counts 7-9), [Appellant] was sentenced to a term of imprisonment of three and one-half to seven years' incarceration. For the charge of possession with intent to deliver cocaine, Count 10, [Appellant] received a sentence of two and one-half to seven years' incarceration. A period of incarceration one to two years was imposed on the two PWID charges at Counts 11 (marijuana) and 12 (oxycodone).

All of the firearms charges were concurrent with one another for an aggregate gun sentence of four and one-half to ten years' incarceration. All of the drug charges were concurrent with one another for an aggregate drug sentence of two and one-half to seven years' incarceration. The aggregate gun sentence was ordered consecutive to the aggregate drug sentence for a total aggregate sentence of 7 to 17 years' imprisonment in a state correctional facility. N.T., Sentencing at 15-16.

The Commonwealth noted [Appellant's] ineligibility for participation in the Recidivism Risk Reduction Incentive (RRRI) program, pursuant to 61 Pa.C.S.A. § 4501, *et seq*., based on the

Uniform Firearms Act offenses, as well as the firearm with a possession with intent to deliver offense, as indicated on the Sentencing Guidelines Worksheet. N.T., Sentencing at 9. [Appellant] was represented at his suppression hearing, stipulated bench trials, and sentencing by the Office of the Public Defender, specifically, Phillip A. Michael, Esquire.

A timely notice of appeal to the Superior Court of Pennsylvania from the judgment of sentence was filed by the Public Defender's Office on August 18, 2017. *See* No. 1343 MDA 2017. Pursuant to this [c]ourt's directive, [Appellant] furnished a concise statement of matters complained of on appeal which raised just one challenge: whether the trial court erred in denying [Appellant's] motion to suppress the items seized during a search of [Appellant's] residence where [Appellant's] consent to the search was involuntary and coerced. *See* 2017 Statement of Errors at ¶ 1. On September 19, 2017, [the trial court] filed a Pa.R.A.P. 1925(a) Opinion in response.

Thereafter, [Appellant] filed a motion to proceed *pro se* claiming that appellate counsel "failed to present the issues the petitioner has ... the right to appeal." *See* Motion for Withdrawal of Counsel at ¶ 4. On October 24, 2017, [Appellant] also filed a statement of errors raising the issues that he felt deserved consideration by the appellate courts.

In response, appellate counsel filed a "Motion for *Grazier* Hearing and Application for Leave to Withdraw as Counsel or for Other Appropriate Relief as Determined by the Court" on October 6, 2017. A *Grazier*[5] Hearing was held on November 16, 2017. By Order dated December 1, 2017, appellate counsel was granted leave to withdraw and [Appellant] was granted leave to proceed *pro se*.[6]

> [5] ***Commonwealth v. Grazier***, 552 Pa. 9, 713 A.2d 81 (1998) (when a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination must be made that the waiver is a knowing, intelligent and voluntary one).

> [6] At the close of the ***Grazier*** Hearing, defense counsel provided Appellant with copies of transcripts, discovery, Pennsylvania State Police documents, photos, state parole documents, and the record sent

- 5 -

to the Superior Court. *See* Order of December 1, 2017, at n.1.

A second Rule 1925(a) Opinion was filed on January 18, 2018, addressing those additional issues which [Appellant] identified in his *pro se* Rule 1925(b) statement of errors filed on October 24, 2017. [Appellant] filed a supplemental *pro se* statement of errors on January 23, 2018, which raised the same issues identified in the October 24, 2017, statement. Therefore, a memorandum of opinion was filed on January 24, 2018, adopting the January 18, 2018, Opinion.

On March 6, 2018, privately-retained counsel, Jason D. Javie, Esquire, entered his appearance on behalf of [Appellant]. On March 8, 2018, [Appellant] filed a counseled Rule 1925(b) statement of matters complained of on appeal, along with a motion for leave to substitute the counseled Rule 1925(b) statement. With the agreement of the Commonwealth, [Appellant's] motion was granted on March 16, 2018, and the counseled statement filed on March 8, 2018, was substituted for the supplemental statement filed *pro se* on January 23, 2018.

In the counseled statement, [Appellant] raises three issues for appellate review: (1) whether the Court erred in denying [Appellant's] motion to dismiss the Rule 600 motion; (2) whether the Court erred in denying [Appellant's] motion to suppress evidence seized pursuant to his arrest; and (3) whether the Court erred in denying [Appellant's] motion to suppress evidence seized during a search of his apartment. The Rule 600 issue was thoroughly analyzed and discussed in the January 18, 2018, Opinion and will not be addressed again here. Although the suppression of evidence was discussed previously in the Rule 1925(a) Opinion filed on September 19, 2017, counsel has refined the issue and added additional bases for appeal. [The trial court], therefore, will expound on the reasoning behind the denial of [Appellant's] motion to suppress evidence.

Trial Court Opinion, 6/13/18, at 1-8.

Appellant presents the following issues for our review:

1. Whether the Court erred in denying [Appellant's] motion to dismiss pursuant to Rule 600 in that the mechanical run date passed, the record reveals that the delay was not attributable to

the defense, and the Commonwealth failed to act with due diligence in bringing [Appellant] to trial within the applicable 365–day time limit?

2. Whether the Court erred in denying [Appellant's] motion to suppress evidence as the Commonwealth failed to produce a valid warrant for [Appellant's] arrest and in any event the arresting officers failed to appropriately identify [Appellant] as a wanted person prior to arresting him and searching his effects.

3. Whether the Court erred in denying [Appellant's] motion to suppress where law enforcement obtained consent to search a property during a custodial interrogation before Miranda warnings were given?

Appellant's Brief at 10.

Appellant first argues that the trial court erred in denying his pretrial motion filed pursuant to Pa.R.Crim.P. 600 when it refused to dismiss the charges due to the Commonwealth's failure to bring Appellant to trial within 365 days of the filing of the criminal complaint. Appellant's Brief at 19-31. Basically, Appellant contends that the Commonwealth failed to prove that it exercised due diligence in obtaining DNA results so as to bring Appellant to trial in a speedy manner.

Our review of a claim under Rule 600 is guided by the following principles:

[O]ur standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

- 7 -

The proper scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters . . . courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Plowden*, 157 A.3d 933, 936 (Pa. Super. 2017) (*en banc*) (quoting *Commonwealth v. Watson*, 140 A.3d 696, 697-698 (Pa. Super. 2016)). As a general rule, the Commonwealth is required to bring a defendant to trial within 365 days of the date the complaint is filed. Ra.R.Crim.P. 600(A)(2)(a).

We have reviewed the briefs filed by the parties, the relevant law, the complete certified record before us on appeal, and the thorough opinion of the trial court filed on January 18, 2018, which addressed Appellant's motion to dismiss pursuant to Rule 600. It is our conclusion that the trial court's opinion

adequately and accurately disposes of Appellant's allegation that the trial court erred in denying his motion to dismiss the charges based upon a violation of Rule 600. Trial Court Opinion, 1/18/18, at 7-14. Accordingly, because the trial court's analysis is supported by the record, we adopt its opinion as our own.

In his next two issues, Appellant argues that the trial court erred in denying his motion to suppress physical evidence. Appellant's Brief at 32-38. Specifically, Appellant contends that the motion to suppress should have been granted because the Commonwealth did not physically present a valid warrant for Appellant's arrest, and the police did not sufficiently identify Appellant before subjecting him to a custodial arrest. *Id*. at 33. Appellant further contends that the trial court should have suppressed items seized from the residence because Appellant's consent to search the house was the result of a custodial interrogation executed without Appellant being provided his *Miranda* warnings. *Id*. at 34-38.

With respect to an appeal from the denial of a motion to suppress, our Supreme Court has stated the following:

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the ruling of a suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record.... Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Eichinger*, 915 A.2d 1122, 1134 (Pa. 2007) (citations omitted). "It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony." *Commonwealth v. Gallagher*, 896 A.2d 583, 585 (Pa. Super. 2006). Moreover, we note that our scope of review from a suppression ruling is limited to the evidentiary record that was created at the suppression hearing. *In re L.J.*, 79 A.3d 1073, 1087 (Pa. 2013).

In addition, the decision to admit or exclude evidence is committed to the trial court's sound discretion, and the trial court's evidentiary rulings will only be reversed upon a showing that it abused that discretion. *Commonwealth v. Laird*, 988 A.2d 618, 636 (Pa. 2010). Such a finding may not be made "merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id*. (quoting *Commonwealth v. Sherwood*, 982 A.2d 483, 495 (Pa. 2009)).

Further, we are aware that Pa.R.Crim.P. 581, which addresses the suppression of evidence, provides in relevant part as follows:

> (H) The Commonwealth shall have the burden . . . of establishing that the challenged evidence was not obtained in violation of the defendant's rights.

Pa.R.Crim.P. 581(H).

> The Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect

individuals from unreasonable searches and seizures, thereby ensuring the "right of each individual to be let alone." *Schneckloth v. Bustamonte*, 412 U.S. 218, 236, 36 L. Ed. 2d 854, 93 S. Ct. 2041 (1973); *Commonwealth v. Blair*, 394 Pa. Super. 207, 575 A.2d 593, 596 (Pa. Super. 1990).

*Commonwealth v. By*, 812 A.2d 1250, 1254 (Pa. Super. 2002).

"A warrantless search or seizure is presumptively unreasonable under the Fourth Amendment and Article I, § 8, subject to a few specifically established, well-delineated exceptions." *Commonwealth v. McCree*, 924 A.2d 621, 627 (Pa. 2007). We observe the following:

Probation is a form of authorized supervision "aimed at rehabilitating and reintegrating a law breaker into society as a law-abiding citizen...[and] is deemed a constructive alternative to imprisonment." *Commonwealth v. Colon*, 708 A.2d 1279, 1282 (Pa. Super. 1998). One basic assumption of the institution of probation is that the probationer "is more likely than the ordinary citizen to violate the law." *Commonwealth v. Moore*, 805 A.2d 616, 619 (Pa. Super. 2002) (quoting *United States v. Knights*, 534 U.S. 112, 120, 122 S.Ct. 587, 592, 151 L.Ed.2d 497, 506 (2001)). As a result, individuals under supervision generally have limited Fourth Amendment rights, but they are still entitled to certain constitutional protections. *Commonwealth v. Williams*, 547 Pa. 577, 586, 692 A.2d 1031, 1035 (1997). The Fourth Amendment constitutional rights of either a probationer or a parolee are virtually indistinguishable.

*Commonwealth v. Chambers*, 55 A.3d 1208, 1212 (Pa. Super. 2012).

Again, we have reviewed the briefs filed by the parties, the relevant law, the certified record before us on appeal, and the thorough opinion of the trial court filed on June 13, 2018, which addressed Appellant's challenges to the denial of his motion to suppress evidence. We conclude that the trial court's opinion adequately and accurately addresses Appellant's allegation that the

trial court erred in denying his motion to suppress physical evidence. Trial Court Opinion, 6/13/18, at 8-17. Accordingly, because the record supports the trial court's analysis, we adopt its opinion as our own.[1]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2018

---

[1] In the event of further proceedings in this matter, the parties are directed to attach a copy of the trial court's opinions filed on January 18, 2018, and June 13, 2018.